**BRADFORD COUNTY CHILDREN AND YOUTH SERVICES,**
**Appellant,**

v.

**Paula POWELL, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 6, 2005.

Filed Dec. 16, 2005.

Richard D. Sheetz, Troy, for appellant.

BEFORE: DEL SOLE, P.J., MUSMANNO, and KELLY, JJ.

OPINION BY KELLY, J.:

¶ 1 Appellant, Bradford County Children and Youth Services, asks us to review the order entered in the Bradford County Court of Common Pleas, denying Appellant's exceptions to a support order. The support order, entered on March 2, 2005, directs Appellee, Paula Powell, to pay Appellant $325 per month from November 19, 2002, to December 31, 2002, and $220 per month from January 1, 2003, to August 13, 2004. Appellant asks us to determine whether the trial court erred when it concluded it was constrained to award an amount based solely on the child support guidelines. We hold the trial court applied an incorrect standard by restricting the support order to only the findings as contemplated by the support guidelines, without considering other relevant factors as raised by Appellant. Accordingly, we vacate and remand.[1]

¶ 2 The relevant facts and procedural history of the case are as follows. From November 19, 2002 until August 13, 2004, Appellee's child was placed with Appellant. Appellee was seasonally employed until April of 2004, unemployed from April 2004 through October 2004, and employed as a certified nursing assistant at the time of

---

1. Appellee has not submitted a brief on appeal.

the Hearing Master's ("Master's") report. On January 17, 2003, Appellant filed a complaint for support against Appellee. Appellant sought to recover $33,184.98, which was half the cost of the child's placement.

¶3 On February 17, 2005, the parties appeared before the Master. On March 2, 2005, the trial court adopted the Master's findings and recommendation, and ordered Appellee to pay: (1) $325 per month in support from November 19, 2002 to December 31, 2002; and (2) $220 per month in support from January 1, 2003 to August 13, 2004. The Master's recommendation totaled $4,549.01. The Master arrived at these figures by referencing the support guidelines and multiplying the monthly support obligation by the number of months in placement. On March 10, 2005, Appellant filed exceptions, which the trial court denied on April 25, 2005. This timely appeal followed.

¶4 In its opinion pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, the trial court stated it was bound by its decision in a previous case, which this Court affirmed, and for which the Pennsylvania Supreme Court denied allowance of appeal. (Trial Court Opinion, filed June 15, 2005, at 1–2) (citing *Bradford County Children & Youth Servs. v. Wortman,* No. 00FC000816 Bradford 2003, unpublished memorandum at 5, 860 A.2d 1123 (Pa.Super. filed August 25, 2004), *appeal denied,* 583 Pa. 658, 875 A.2d 1072 (2005) ("*Wortman III* ")). *See also Bradford County Children & Youth Servs. v. Wortman,* 5 Brad.C.L.J. 33 (2003); (R.R. at 58) ("*Wortman II* "). In the previous case, the trial court determined: (1)

the order remanding to the Master for recalculation of the support obligation was not a final order; (2) placement costs should not be factored into support orders; and (3) in support cases, the court must follow the support guidelines, explain any departures from the support guidelines, and consider only the time the child was in placement. *Wortman II, supra* at 34–36; (R.R. at 59a–61a).[2] Instantly, the trial court opined it could not consider placement costs in actions for support orders based on *Wortman II* and *Wortman III.* (Trial Court Opinion at 1–2).

¶5 Appellant presents the following issue for our review:

DID THE [TRIAL] COURT ABUSE ITS DISCRETION IN DETERMINING THE PROPER PROCEDURE TO DETERMINE WHETHER A PARENT PAYS ALL OR PART OF THE COSTS OF A CHILD'S PLACEMENT WITH A PUBLIC AGENCY?

(Appellant's Brief at 4).

¶6 Appellant argues the Master and trial court wrongly concluded they were required to rely solely on a specific formula based on previous caselaw. Appellant contends the Master and trial court should have relied on additional authorities, including the Juvenile Act, Public Welfare Code, and Pennsylvania Rules of Civil Procedure. Appellant avers the trial court improperly restricted itself to only the support guidelines, without giving consideration to Appellees' proportional net income. Appellant concludes the trial court erred in denying its exceptions. We agree, to the extent the trial court applied an incorrect standard of law.

---

2. The trial court had issued a support order requiring the appellant to pay $20 per month for 42 years to cover the total cost of placement and support. *See Bradford County C & Y v. Wortman,* No. 00FC000816 Bradford 2001, unpublished memorandum at 2, 806 A.2d 455 (Pa.Super.2002); (R.R. at 68a) ("*Wortman I* "). A panel of this Court reversed and remanded, determining the payment schedule was manifestly unreasonable. *Id.* at 7; (R.R. at 73a).

In child support matters, our standard of review is well settled:

> When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused.
>
> *Samii v. Samii*, 847 A.2d 691, 694 (Pa.Super.2004).

*Ricco v. Novitski*, 874 A.2d 75, 79 (Pa.Super.2005).

¶ 7 Rule 1910.16–1(a)(1) of the Pennsylvania Rules of Civil Procedure states: "[T]he support guidelines set forth the amount of support which a spouse or parent should pay...." Pa.R.C.P. 1910.16–1(a)(1). "The support guidelines are a rebuttable presumption and must be applied taking into consideration the special needs and obligations of the parties." Pa.R.C.P. 1910.16–1(d). The trial court should consider, *inter alia,* unusual needs and unusual fixed obligations, in deciding whether to deviate from the guidelines. Pa.R.C.P. 1910.16–5(b)(1).

¶ 8 In *Erie County Office of Juvenile Probation v. Schroeck,* 721 A.2d 799 (Pa.Super.1998), a panel of this Court considered whether the Juvenile Probation office could bring a support action against a mother on behalf of her adult child. *Id.* at 799. In concluding the Juvenile Probation office could bring such action, this Court examined the Support Law, the Juvenile Act, the Public Welfare Code, and the Pennsylvania Rules of Civil Procedure.[3] *Id.* at 802–03 (quoting 23 Pa.C.S.A. § 4321(3); 42 Pa.C.S.A. § 6306; 62 P.S. § 704.1(e); Pa.R.C.P. 1910.1(a) (1998)). The *Schroeck* Court then considered whether the trial court's use of the support guidelines was appropriate. *Id.* at 804. This Court noted:

> Rule 1910.16–1 states, in pertinent part: "If it has been determined that there is an obligation to pay support, there shall be a **rebuttable presumption** that the amount of the award determined from the guidelines is the correct amount of support to be awarded." Pa. R.C.P. 1910.16–1(b). Further, if the amount of support deviates from the amount of support determined by the grids found at Pa.R.C.P. 1910.16–2, the trier of fact is required to specify, in writing, the guidelines amount and the reasons for the deviation. Pa.R.C.P. 1910.16–4.[4]

*Id.* (emphasis added). Accordingly, the *Schroeck* Court concluded the trial court properly consulted the support guidelines

---

3. The relevant portion of the Public Welfare Code states:

   If, after due notice to the parents or other persons legally obligated to care for and support the child, and after affording them an opportunity to be heard, the court finds that they are financially able to pay all or part of the costs and expenses ... the court may order them to pay the same and prescribe the manner of payment.
   62 P.S. § 704.1(e).

4. When *Schroeck* was decided, this requirement was stated in former Rule 1910.16–4. *See* Pa.R.C.P. 1910.16–4 (1998). Currently, Rule 1910.16–5 requires the trial court to specify the guideline amount and reasons for deviation in writing. *See* Pa.R.C.P. 1910.16–5 (2005). Similarly, the rebuttable presumption provision now appears in Rule 1910.16–1(d). *Compare* Pa.R.C.P. 1910.16–1(b) (1998), *with* Pa.R.C.P. 1910.16–1(d) (2005).

and accepted the recommendation to apply a downward deviation. *Id.* at 805.

¶ 9 Because the trial court relied on the decisions in *Wortman I, II, and III* in denying Appellant's exceptions, we are compelled to analyze the dispositions of those cases. As stated above, the *Wortman I* Court reversed and remanded a support order requiring the appellant to pay $20 per month in support for 42 years. *Wortman I, supra* at 7; (R.R. at 73a). The *Wortman I* Court determined the trial court abused its discretion in fashioning the order, and specifically noted, "[E]ven if the amount is a modest $20 per month, [the payment schedule] is manifestly unreasonable due to the fact that it would take [the appellant] 42 years to pay for five months of placement." *Id.* The Court further noted:

> We remand this case for a new calculation. The trial court should first determine [the appellant's] **present ability to pay**. Next, the court should determine **how much** of the $10,149.91 placement cost [the appellant] should be responsible for. Last, the court should explain whether it is using the support guidelines or whether it has deviated from the guidelines as to the monthly amount it has ordered [the appellant] to pay.

*Id.* (first emphasis added).

¶ 10 On remand, the trial court incorporated the Master's recommendation to rely solely on the support guidelines upon issuing its support order. *Wortman II, supra* at 34–35; (R.R. at 59a–60a). Bradford County Children and Youth Services appealed, and this Court affirmed, concluding the Master properly utilized the support guidelines and the trial court properly considered only "the support owed for the period of time the child is out of the parent's care." *Wortman III, supra* at 5 (quoting *Schroeck, supra* at 804); (R.R. at 51a).

¶ 11 Instantly, the trial court erred when it determined Appellant could not seek placement costs in an action for support costs. We note the trial court in *Wortman II* stated, "Nowhere, however, does *Schroeck*, the Juvenile Act, or the Public Welfare Code, state that the total amount of placement costs shall be a support obligation." *Wortman II, supra* at 35; (R.R. at 60a). Although the *Wortman II* court was correct in concluding it was not **required** to include placement costs in a support order, the trial court in the instant case improperly extended that rationale to conclude it could never consider placement costs in support actions. We noted in *Schroeck:*

> Duties of support arise under several authorities including, inter alia, Act 66 [ (the Support Act) ], and The Support Law of 1937, 62 P.S. § 1971, *et seq.* The Juvenile Act is another statutory authority designating support obligations. That act specifically provides:
>
>> The cost and expense of the care of the child shall be paid as provided by sections 704.1 and 704.2 of the Act of June 13, 1967[ ](P.L. 31, no. 21), known as the Public Welfare Code. 42 Pa.C.S. § 6306.

*Schroeck, supra* at 803 (quoting *Adams County Probation Office v. DeSilva*, 5 D & C.4th 183, 186 (Com.Pl.1990)). Sections 704.1(a) and (e) of the Public Welfare Code authorize the trial court to order a parent to pay costs associated with the child's placement in a government child-services program. 62 P.S. § 704.1(a)(2), (e). Therefore, our decision in *Schroeck* confirmed support obligations may include costs associated with a child's placement with a government child-services program. *See id.; Schroeck, supra.*

¶ 12 Furthermore, the *Wortman I* Court specifically delineated the procedure the trial court should follow once the support-

guidelines calculations are completed: (1) determine the parent's present ability to pay; (2) determine the amount of the placement cost for which the parent should be responsible; and (3) explain whether it is relying on the support guidelines or whether it deviated from them.[5] *See Wortman I, supra* at 7; (R.R. at 73a). Although the *Wortman II* trial court later noted it was unclear why the *Wortman I* Court determined the initial "$20 per month for 42 years" order to be manifestly unreasonable and an abuse of discretion, we noted specifically that requiring support payments for 42 years based on 5 months of placement was manifestly unreasonable.[6] The *Wortman III* Court later affirmed the trial court's reliance on only the support guidelines, but also contemplated deviations from the guidelines by noting the *Schroeck* Court's determination "that any departure from the guidelines had to be explained."[7] *Wortman III, supra* at 4; (R.R. at 50a–51a) (citing *Schroeck, supra*). Accordingly, if the trial court determines the support guidelines properly provide the amount necessary for a support obligation, we will afford broad discretion to the court's decision to grant or deny exceptions. *See Ricco, supra*.

¶ 13 We find no caselaw restricting a support order to only the findings of the support guidelines. As *Wortman I* specifically notes, the trial court may properly consider the parent's present ability to pay and how much of the placement cost for which the parent should be responsible. *See Wortman I, supra*. Rules 1910.16–1(d) and 1910.16–5(b) permit the agency to rebut the presumption created by the support guidelines when a child's placement in a government agency implicates the Public Welfare Code, Juvenile Act, and Support Law. *See* Pa.R.C.P. 1910.16–1(d), 1910.16–5(b); *Schroeck, supra*.

¶ 14 We adopt the rationale of the *Wortman I* Court. Therefore, we hold the trial court applied an improper standard of law when it determined placement costs could not be factored into its support order, and the order denying Appellant's exceptions must be vacated. *See Ricco, supra*. On remand, the trial court should first determine Appellee's present ability to pay.[8] Then, the trial court should determine the amount of the placement cost for which Appellee should be responsible. We emphasize our decision today does not require the trial court to grant Appellant's exceptions. Rather, the trial court should care-

---

5. The *Wortman I* Court also noted the *Schroeck* Court "discussed, at great length, the relevant sections of the Juvenile Act, The Public Welfare Code, the Support Law, and the Pennsylvania Rules of Civil Procedure as they relate to support actions and the interplay among the applicable provisions of each." *Wortman I, supra* at 5 n. 1; (R.R. at 71a n. 1).

6. In a footnote, we further explained:
   We were unable to determine Father's age from the certified record. If, for instance, Father was 35 years old when [the child] turned 18 years old, the trial court would have him repaying the five-month cost of placement until he was 72 years old. Meanwhile, in 42 years, [the child] would be 60 years old.

*Wortman I, supra* at 7 n. 3; (R.R. at 73a n. 3).

7. The *Wortman III* Court also noted the *Wortman I* Court's determination was based on its finding that it was "unreasonable to require a parent to pay support well beyond the time his/her child was in placement and out of the parent's custody, and in fact **well beyond** the child's emancipation and majority." *Wortman III, supra* at 5; (R.R. at 51a) (emphasis added).

8. As in *Wortman I*, the trial court should not impose an obligation on Appellee that would extend for an unreasonable amount of time, but rather focus on Appellee's **present** ability to pay.

fully consider the relevant factors under the Public Welfare Code, Juvenile Act, Support Law, and Pennsylvania Rules of Civil Procedure, as noted by this Court in *Schroeck,* and determine whether Appellant has rebutted the presumption created by the support guidelines. *See* Pa.R.C.P. 1910.16–1(d); *Schroeck, supra.* Accordingly, we vacate the April 25, 2005 order denying Appellant's exceptions and remand with instructions consistent with this Opinion.

¶ 15 Order vacated. Remanded with instructions. Jurisdiction relinquished.