**BRADFORD COUNTY CHILDREN AND YOUTH SERVICES,**
Appellee,

v.

**Holly MOON, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 22, 2007.

Filed May 4, 2007.

Robert B. McGuinness, Athens, for appellant.

Richard D. Sheetz, Troy, for appellee.

BEFORE: FORD ELLIOTT, P.J., and HUDOCK and POPOVICH, JJ.

OPINION BY HUDOCK, J.:

¶ 1 Holly Moon (Mother) appeals from the trial court's order dismissing her exceptions to that court's previous order, which directed her to pay for one-half of the cost of placement for her son, M.S., by Bradford County Children and Youth Services (the Agency). We affirm.

¶ 2 The pertinent facts and procedural history may be summarized as follows: Following her divorce from Charles Shaffer (Father), the couple's two sons lived with Father. Pursuant to an order of court, Mother paid $50.00 per week to Father for their support. On September 30, 2004, Father entered into an agreement to place M.S., born May 1, 1989, with the Agency. According to Mother, she was neither informed nor consulted about the placement and, in fact, continued to make her weekly child support payment to Father.

¶ 3 The Agency placed M.S. at the Susquehanna House from September 30, 2004, through October 31, 2004. Subsequently, he was placed at Laurel Youth Services from November 1, 2004, through December 11, 2004. According to Mother, she did not want M.S. placed and, when she was finally informed of the placement and the Agency's intention to continue the placement involuntarily, she requested that the court award physical custody of M.S. to her. The trial court granted her request, and, since December 18, 2004, M.S. has been residing with Mother.

¶ 4 On December 7, 2004, the Agency filed a complaint for child support. After several continuances, a hearing was held before a Bradford County Hearing Master on September 29, 2005. Following the hearing, the master recommended that Mother pay the Agency one-half of the costs for placement. Subsequently, the trial court denied Mother's exceptions and entered its final order. Mother then filed the instant appeal. Both Mother and the trial court have complied with Pa.R.A.P. 1925.

¶ 5 Mother raises the following issue on appeal:

I. WHETHER UNDER THE FACTS OF THE CASE, IT WAS LAWFUL FOR THE COURT TO ORDER [MOTHER] TO PAY ONE–HALF OF THE CHILD'S COSTS OF PLACEMENT TO [THE AGENCY]?

Mother's Brief at 4.

¶ 6 As this Court has summarized:

When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion [sic] or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused.

*Bradford County Children and Youth Services v. Powell,* 889 A.2d 1235, 1237 (Pa.Super.2005) (citations omitted). It is now well settled that the Agency is permitted, pursuant to Section 704.1(e) of the

Public Welfare Code, to seek reimbursement for placement costs pertaining to M.S. *See generally, Erie County Office of Juvenile Probation v. Schroeck*, 721 A.2d 799 (Pa.Super.1998). Moreover, in determining the amount of support, it is appropriate for the trial court to consult the support guidelines as set forth in the Pennsylvania Rules of Civil Procedure, and, if the amount of support awarded deviated from the amount suggested by the guidelines, the trial court must specify in writing the reasons for the deviation. *Id.*

¶ 7 In *Powell*, the Agency filed a complaint for support against Powell in order to recover $33,184.98, which was one-half of the costs the Agency incurred for placing Powell's child for a period of approximately twenty-one months. During this period, Powell was employed seasonally until April of 2004, unemployed from April 2004 through October 2004, and employed as a certified nursing assistant at the time of the support hearing before a master. The court later adopted the master's recommendation that Powell pay varying monthly amounts, totaling $4,549.01. The master arrived at the support amounts by referencing the applicable support guidelines and multiplying Powell's monthly support obligation by the number of months in placement. The trial court denied the Agency's exceptions, and the Agency appealed.

¶ 8 In its appeal, the Agency contended that the trial court abused its discretion in determining the proper procedure to determine whether a parent pays all or part of the costs of a child's placement with a public agency. It further asserted that the trial court erred in concluding that it was limited to awarding an amount based solely upon the child support guidelines without also considering other relevant factors, including the actual placement costs incurred and Powell's proportional net income.

¶ 9 After referring to the support guidelines and relevant case law, this Court in *Powell* reaffirmed that "our decision in *Schroeck* confirmed support obligations may include costs associated with a child's placement with a government child-services program." *Powell*, 889 A.2d at 1238 (citations omitted). Concluding that the trial court applied an improper standard of law when it determined placement costs could not be factored into its support order, this Court in *Powell* vacated the order denying the Agency's exceptions and remanded the case with the following instructions:

> On remand, the trial court should first determine [Powell's] present ability to pay. Then, the trial court should determine the amount of the placement cost for which [she] should be responsible. We emphasize our decision today does not require the trial court to grant [the Agency's] exceptions. Rather, the trial court should carefully consider the relevant factors under the Public Welfare Code, Juvenile Act, Support Law, and Pennsylvania Rules of Civil Procedure, as noted by this Court in *Schroeck*, and determine whether [the Agency] has rebutted the presumption created by the support guidelines.

*Powell*, 889 A.2d at 1239–1240 (citations omitted).

¶ 10 In the instant case, the master and the trial court followed the above dictates of *Powell*. In its factual findings, the court first considered Mother's ability to pay and determined that she had a net monthly income of $2,065.15. The court next concluded that she should pay $7,178.12, one-half of the total costs of placement. Finally, the findings readily indicate that the trial court considered the support guidelines but decided to deviate from them given Mother's ability to pay.

¶ 11 Mother's claims on appeal do not warrant a finding that the trial court erred in reaching its determination. She first argues trial court error in that the amount she was ordered to pay far exceeds her total support obligation, as calculated using the guidelines, for a similar time period. However, *Schroeck* specifically permits consideration of the placement costs in addition to a determination under the support guidelines. Moreover, while Mother also claims that Father agreed to assume the financial responsibility for the costs of M.S.'s voluntary placement, the record readily supports the trial court's finding that the child was declared dependent or delinquent and, therefore, Father had not agreed to pay all the costs of placement. Further, the fact that Father made such an agreement with the Agency does not prevent the Agency from seeking a portion of the placement costs from Mother. Finally, Mother has cited no authority for her apparent position that her payment of child support to Father during the time M.S. was in placement should relieve her of her responsibility to pay a portion of the placement costs.

¶ 12 Mother's additional argument that the Agency did not prove that the placement costs were necessary is refuted by the fact that the trial court found, and the record supports, the fact that M.S. was placed after being found dependent or delinquent, that is, he was out of control without supervision by the Agency. We also reject Mother's assertion that M.S. has "special needs" that render her support obligation unreasonable because there is no evidence of such "special needs" in the record before us.

¶ 13 Order affirmed.